**In re UNITED MERCHANTS AND MANUFACTURERS, INC.,**
**Debtor.**

**Bankruptcy No. 90–827.**

United States Bankruptcy Court,
D. Delaware.

Oct. 23, 1991.

Joanne B. Wills, John D. Demmy, Wilmington, Del., K. Peter Schmidt, Richard P. Schifter, Jeffrey S. Bromme, Washington, D.C., for ILGWU National Retirement Fund.

James L. Patton, Jr., Janet Z. Charlton, Joel A. Waite, Wilmington, Del., and Michael L. Cook, New York City, for debtor.

ORDER

HELEN S. BALICK, Bankruptcy Judge.

The Court having considered the ILGWU National Retirement Fund's "Motion for Relief in the Alternative Under Fed. R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b), Fed.R.Bankr.P. 8002(c) or Fed.R.Bankr.P. 3008" (the "Fund's Motion"), and all papers filed in connection therewith, including the Fund's supporting memorandum of law and the opposition memorandum of the Debtor United Merchants and Manufacturers, Inc. ("UM & M"), and having heard argument on the Fund's Motion on October 15, 1991, issues the following findings of fact and conclusions of law: ·

The Court finds as follows:

A. On May 15, 1991 the ILGWU National Retirement Fund (the "Fund") filed a document entitled "Proof of Claim" in this case. The document explained that certain of the debtors were under continuing employer obligations to contribute to the Fund pursuant to collective bargaining agreements and the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Although the Fund did not believe it had any claim against the debtors, it stated that a claim could arise under various scenarios involving the cessation of employer contributions to the Fund.

B. On August 1, 1991, UM & M filed its "Motion for an Order Approving Sale of Rose Marie Reid Division to Al Steiner Free and Clear of Liens" and its "Motion for an Order Approving Sale of Imerman Division to David Kane Free and Clear of Liens" (collectively, the "Sale Motions"). Neither of the Sale Motions contained a proposed form of order. The prayer for relief in the Rose Marie Reid motion stated,

WHEREFORE, the Debtor respectfully requests that the Court, after a hearing and consideration, enter an order approving the sale of Rose Marie Reid to Steiner, pursuant to the terms of the Asset Purchase Agreement, substantially in the form attached hereto as Annex I; and granting the Debtor such other and further relief as the Court deems just and proper.

The prayer for relief in the Imerman motion stated,

WHEREFORE, the Debtor respectfully requests that the Court, after a hearing and consideration, enter an order approving the sale of Imerman to Kane, pursuant to the terms of the Asset Purchase Agreement, substantially in the form attached hereto as Annex I; and granting the Debtor such other and further relief as the Court deems just and proper.

C. Jeffrey S. Bromme, Esquire, representing the Fund, received a copy of the Sale Motions on August 7, 1991.

D. On August 15, 1991, this Court confirmed the Debtors' Third Amended Joint Plan of Reorganization (the "Plan"). The Effective Date of the Plan was August 26, 1991.

E. On August 23, 1991 the Fund appealed the Court's August 15, 1991 Confirmation Order.

F. A hearing on the Sale Motions was held on August 23, 1991. James L. Patton, Esquire, represented UM & M. Mr. Bromme attended the hearing, but did not participate in it. He received a copy of the "Memorandum in Support of Debtor's Motions Under Section 363 of Bankruptcy Code for Authority to Sell Rose Marie Reid and Immerman [sic] Divisions" shortly before the commencement of the hearing. At the hearing, Sidney Margolis, Executive Vice President for UM & M, testified in support of the Sale Motions. In each proposed sale, the purchaser would assume responsibility for employer contributions to the Fund. The respective purchasers needed to satisfy several contingencies prior to the sale, including obtaining cash financing and a bond to absorb the retirement fund related liability. If the purchaser defaulted on its employer contributions, the bond would partly satisfy the obligation. UM & M would remain secondarily liable on the remainder of the obligation. The Asset Purchase Agreement governing sale of the Imerman division set a closing deadline of November 5, 1991. The Asset Purchase Agreement governing the sale of the Rose Marie Reid division set a closing deadline of November 12, 1991.

G. Neither the Sale Motions, nor the memorandum of law in support of the Sale Motions, stated that UM & M was seeking an order from the Court that UM & M's potential and as yet unincurred liability to the Fund would be discharged under the Plan.

H. After presentation of the Sale Motions, Mr. Patton handed up two correlative orders, which the Court signed (the "Sale Orders"). Paragraph 7 of each Sale Order stated,

Upon the sale of Rose Marie Reid and Imerman, the Debtor will incur liabilities for withdrawal under the multiemployer pension plan in which it participates. Such withdrawal liability triggered hereby shall constitute a contingent unliquidated Class VIII claim under the Debtor's Third Amended Joint Plan of Reorganization (the "Plan"), which was confirmed pursuant to an Order of this Court dated August 15, 1991. Such claim may be estimated for purposes of allowance and treatment under the Debtors' Plan and the Debtors' liability on such claim will be discharged upon the Debtors' emergence from Chapter 11.

The Sale Orders were never formally served upon the Fund.

I. The Fund did not see the Sale Orders, and in particular Paragraph 7 of the Sale Orders, until September 4, 1991.

J. On September 9, 1991 the Fund filed its Motion for relief, seeking to strike Paragraph 7 from the Sale Orders, and in the alternative to extend the time for filing of an appeal from the Sale Orders.

K. On September 9, 1991, Judge Farnan, for the United States District of Delaware, issued an order staying only that part of the Plan authorizing distribution of New Common Stock and Preferred Stock to Class VIII claimants for 25 days, pending appeal of the Plan.

From these facts the Court concludes as follows:

L. This Court had subject-matter jurisdiction to enter Paragraph 7 of the Sale Orders pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and *In re Referral of Title 11 Proceedings to the United States Bankruptcy Judge for this District* (order entered in the District of Delaware on July 23, 1984).

M. If UM & M proceeds with the Court approved sales of the Imerman and Rose Marie Reid divisions and a purchaser defaults on its employer pension contribution obligations, then the Fund may have a claim against UM & M. *In re Computerized Steel Fabricators*, 40 B.R. 344 (Bankr. S.D.N.Y.1984).

N. Paragraph 7 purports to affect this potential claim of the Fund against UM &

M. Indeed, Paragraph 7 treats the Fund as an unsecured creditor and discharges the Fund's claim. Thus, Paragraph 7 deals not with the approval of UM & M's proposed sale, but with the treatment of post-discharge liability.

O. The Fund did not receive adequate notice that UM & M would be seeking a ruling on the treatment of the Fund's potential claim, and that UM & M would be seeking to classify the Fund as a Class VIII claimant. As a result, the Fund's due process rights were violated.

P. Under these circumstances, Fed. R.Civ.P. 60(b) allows this Court to relieve the Fund from the effect of Paragraph 7 of the Sale Orders. Because the Fund's due process rights were violated, that paragraph is void. Under Fed.R.Civ.P. 60(b)(4), Paragraph 7 is stricken from both Sale Orders.

Q. In light of this ruling, it is not necessary to discuss the Fund's motion for an extension of the time to appeal the Sale Orders or the other issues the Fund raises.

SO ORDERED.